IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BILLY EARL GREER | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-199 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Billy Earl Greer, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

In 2018, pursuant to pleas of guilty entered in the 123rd District Court of Shelby County, Texas, Petitioner was convicted of forgery against the elderly and two counts of fraudulent use or possession of identifying information against the elderly. In accordance with a plea agreement, Petitioner was sentenced to two years of imprisonment for the forgery conviction and two 25 year terms of imprisonment for his other two convictions, with all sentences to be served concurrently. Petitioner did not appeal his convictions or sentences.

Petitioner subsequently filed three state Applications for Writ of Habeas corpus. *Ex parte Greer*, Appl. No. 68,498-02, Appl. No. 68,498-03 and Appl. No. 68,498-04. The Court of Criminal Appeals denied the Applications without written order on the findings of the trial court without a hearing and on the court's independent review of the record.

Grounds for Review

Petitioner asserts the following grounds for review: (1) his pleas of guilty were involuntary; (2) his sentences were illegal because he did not receive notice of forgery charges until the guilty

plea hearing; (3) he received ineffective assistance of counsel because counsel failed to investigate his case or interview and subpoena witnesses; and (4) the prosecutor engaged in misconduct by conspiring with Petitioner's son in an attempt to have Petitioner sign over his land or face additional charges and a longer sentence.

## Standard of Review

Title 28 U.S.C. § 2254 authorizes a district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*. An unreasonable application of law differs from an incorrect application; thus, a federal habeas court may correct what it finds to be an incorrect application of law only if this application is also objectively unreasonable. *Id*. at 409-411. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citation omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102. The Supreme Court has noted that this standard is difficult to meet "because it was meant to be." *Id*.

In addition, this court must accept as correct any factual determination made by the state courts unless the presumption of correctness is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951.

## Analysis

### *Involuntary Guilty Pleas*

Initially, Petitioner states his guilty pleas were involuntary because the prosecutor conspired with Petitioner's son to have Petitioner sign over his land. He maintains he was threatened with a longer sentence and additional charges if he did not plead guilty and sign over his land.

In order to be constitutionally valid, a guilty plea must be made knowingly, voluntarily, and intelligently. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). When determining whether a plea is voluntary, a court is to consider all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *Id.* Declarations of voluntariness, made upon oath in open court, carry a strong presumption of truth, forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Prior to entering his guilty pleas, Petitioner signed a document entitled "Admonitions of the Court to the Defendant," acknowledging that his pleas were made freely and voluntarily and that his pleas were not made because of any threats or force (Doc. #18-20 at 26.).

In addition, at the guilty plea hearing held on April 23, 2018, the court told Petitioner he was charged with forgery and with two counts of fraudulent use or possession of identifying information against the elderly and was subject to a minimum term of imprisonment of 25 years (Doc. #18-12

at 5-6.). He acknowledged that his guilty pleas were entered freely and voluntarily (Doc. #18-12 at 8.).

Petitioner also remarked: "I got too many friends that's friends of the DA's, so, I mean–my son and stuff" (Doc. #18-12 at 8.). When asked whether anyone had threatened him or forced him to plead guilty, Petitioner stated:

> No, well, my son kind of did the other day. They had business, him and [the district attorney]. He was wanting me to give him some land, and I told him we could talk about it when I got out of here. And then he comes and tells me today, "Here's the paperwork. Either sign it or [the district attorney] is going to pursue some other charges on you." So I got up and walked out on him.

(Doc. #18-12 at 8-9.). The district attorney then stated that while he was acquainted with Petitioner's son, the charges Petitioner was facing had nothing to do with his son. He stated he had explained to the son that whatever was worked out between him and his father, that was between them and had no bearing on the plea offer that was made (Doc. #18-12 at 9-10.). Petitioner then stated that he accepted the plea offer, that his pleas were entered freely and voluntarily and that he was pleading guilty because he was guilty (Doc. #18-12 at 12.).

The state habeas trial court made the following conclusions of law:

> 1. The Defendant mentally was competent to stand trial at all relevant times during the above-referenced proceedings.
>
> 2. The Defendant freely and voluntarily waived a right to a jury trial and entered a plea of guilty during the Guilty Plea Hearing.
>
> 3. Defense counsel served effectively during his entire representation of Defendant.
>
> 4. The Court properly admonished Defendant of his constitutional rights during the Guilty Plea Hearing.
>
> 5. The Defendant fully comprehended and understood the charges against him and the ranges of punishment during the Guilty Plea Hearing.

(Doc. #18-15 at 10.).

In the document described above, Petitioner stated his guilty pleas were voluntary and not the result of any threat or force. Statements made by Petitioner at the plea hearing indicate Petitioner had notice of the charge against him and the constitutional protections he was waiving.

4

Petitioner did state at the hearing that his son told him the district attorney would not make as favorable a plea offer to him if he did not sign over his land to his son. However, after making this statement, Petitioner again acknowledged that his guilty pleas were freely and voluntarily made.

The record provides sufficient support for the state habeas trial court's conclusions of law. The record demonstrates Petitioner's guilty pleas were voluntary and that he understood the consequences of his pleas. While Petitioner did state he had been threatened, he never stated he did not want to plead guilty. As a result, the state court's rejection of this ground for review was not contrary to, and did constitute not an unreasonable application of, clearly established federal law. Further, the decision was not an unreasonable determination of the facts in light of the evidence presented in state court.

*Illegal Sentences*

Petitioner also contends that his convictions and sentences were improper because he did not have notice of the forgery charge until his guilty plea hearing.

At his guilty plea hearing, Petitioner was told that, in addition to the charges relating to identity theft, he was also charged with forgery (Doc. #18-12 at 7.). Outside of Petitioner's assertion, the only evidence in the record as to when Petitioner was informed of the forgery charge is an affidavit from counsel. Counsel stated he had been appointed to represent Petitioner on all three of the charges against him. Counsel also stated he had visited with Petitioner approximately six times to discuss the specific facts of each charge against him.

Petitioner's voluntary plea of guilty waived all nonjurisdictional defects in the proceeding against him. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). This applies to Petitioner's assertion that he received insufficient notice of the forgery charge.

Further, in federal habeas review a petitioner, in addition to demonstrating error, must also show the error resulted in actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). This requires a petitioner to show that the error had a "substantial and injurious effect" on the proceedings. *Id*. at 638. Petitioner has made no attempt to explain how he would have been able

5

to defend against the forgery charge if he had more notice of it. He has therefore failed to show actual prejudice.

This ground for review was waived by Petitioner's voluntary guilty pleas and he has failed to show that any error resulted in actual prejudice. As a result, this ground for review does not provide Petitioner with a basis for relief.

*Ineffective Assistance of Counsel*

A. <u>Substantive Standard</u>

In order to establish an ineffective assistance of counsel claim, a petitioner must prove counsel's performance was deficient, and that the deficient performance prejudiced petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Because a petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned strategy. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). To overcome the presumption that counsel provided reasonably effective assistance, a petitioner must prove counsel's performance was objectively unreasonable in light of the facts of the case. *Strickland*, 466 U.S. at 689-90. A reasonable professional judgment to pursue a certain strategy should not be second-guessed. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In addition to demonstrating counsel's performance was deficient, a petitioner must also show prejudice resulting from the inadequate performance. *Strickland*, 466 U.S. at 691-92. A petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Analysis of an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction.

*Richter*, 562 U.S. at 101. The key question on habeas review is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was unreasonable. *Id*. Even if a petitioner has a strong case for granting relief, that does not mean the state court was unreasonable in denying relief. *Id*. at 102.

B. Application

Petitioner states he received ineffective assistance of counsel because counsel failed to investigate his case. He also asserts counsel failed to interview and subpoena eyewitnesses.

A petitioner asserting counsel was ineffective for failing to conduct a proper pre-trial investigation must allege with specificity the evidence additional investigation would have uncovered and must also explain why it would have changed the outcome of the proceeding. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). Petitioner has failed to satisfy this burden. He has described no additional evidence that would have been discovered if counsel had investigated his case more thoroughly. Nor has he shown how any evidence that could have been discovered would have assisted his defense. As a result, the rejection by the state courts of this ground for review was not contrary to, or any unreasonable application of, clearly established federal law.

*Prosecutorial Misconduct*

Finally, Petitioner asserts the prosecutor acted improperly. As described above, he states the prosecutor conspired with Petitioner's son to attempt to have Petitioner sign over his land.

As stated above, Petitioner said at his guilty plea hearing that his son had told him that if he did not sign over his land to his son, the district attorney was going to pursue additional charges against him. While acknowledging he knew Petitioner's son, the district attorney stated the charges against Petitioner had nothing to do with his son. He also stated he told the son that whatever was worked out between him and his father had no bearing on the terms of the plea offer.

The record reflects that Petitioner made an accusation of prosecutorial misconduct and that the district attorney denied the accusation. There is no other evidence in the record concerning this ground for review. In rejecting this ground for review, the state courts implicitly found the district

attorney's denial more credible. It cannot be concluded on this record that this finding was the result of an unreasonable determination of the facts in light of the evidence before the state courts. Petitioner is therefore not entitled to relief based on this ground for review.

### Recommendation

This Petition for Writ of Habeas Corpus should be denied.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 18th day of July, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE