| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

BILLY EARL GREER, §
§
      Petitioner, §
§
*versus* § CIVIL ACTION NO. 9:20-CV-199
§
DIRECTOR, TDCJ-ID, §
§
      Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Petitioner Billy Earl Greer, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges convictions for forgery against the elderly and fraudulent use or possession of identifying information against the elderly.

    The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

    The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

    In his objections, petitioner primarily asserts that the 25 year sentences he received as a result of his convictions for using or possessing identifying information against the elderly exceeded the maximum sentence permitted by statute. He states these convictions constituted state jail felonies which, as enhanced based on his prior convictions, would have only subjected him to a maximum sentence of 20 years.

    Petitioner's assertion is incorrect. Section 32.51(c)(1) of the Texas Penal Code states that the offense of fraudulent use or possession of identifying information is a state jail felony when

the number of items possessed or used is less than five. However, Section 32.51(c-1)(1) provides that the offense is a third degree felony if it is committed against an elderly individual, as was alleged in petitioner's indictments. Under Section 12.42(d) of the Penal Code, a conviction for a felony offense other than a state jail felony, when enhanced by petitioner's two prior convictions, subjected petitioner to a sentence of 25 years to life. As a result, petitioner's 25 year sentences did not exceed the maximum permitted by statute.

## ORDER

Accordingly, the objections filed by petitioner (#29) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#27) is **ADOPTED**. A final judgment will be entered denying the petition.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition is meritorious is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient

showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 6th day of September, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE